# Equitable Manufacturing Co. *v.* Howard.

## *Action of Assumpsit.*

1. *Contract for sale of goods; stipulation for payment of freight.*
   In a contract for the sale of goods, where it is provided in
   express terms that a delivery of the goods to the common
   carrier should be a delivery to the purchaser, a stipulation
   that the seller would allow the purchaser "credits for freight
   on these goods," means that the purchaser would, in the
   first instance, upon the receipt of the goods, pay the freight
   charges, and that the seller would allow him a credit there-
   for on the agreed price of the goods at the time he paid said
   price; and, therefore, until the purchaser pays the freight,
   he is not entitled to a credit for the same.

2. *Action upon a contract of sale of goods; sufficiency of plea.*
   In an action to recover the purchase price of goods sold un-
   der a contract, where the defendant sets up by special plea
   that the contract provided that the plaintiff must file a bond
   with a certain bank, conditioned to comply with said con-
   tract, and then avers a breach of said stipulation in that the
   plaintiff did not file the bond mentioned in said contract,
   such averment of non-compliance, so far as the filing of the
   bond is concerned, is an averment of the conclusion of the
   pleader and renders the plea subject to demurrer.

3. *Action upon contract for sale of goods; admissibility of evi-
   dence; hear-say testimony.*—In an action to recover the price
   of goods sold under a contract, which stipulated that the
   plaintiff was to file a bond with a certain bank, conditioned
   to faithfully perform said contract, where the defendant sets
   up a breach of said contract, in that the plaintiff failed to
   file said bond, the testimony of the defendant that the cash-
   ier of the bank where the bond was to be filed, stated to him
   that no suc_ bond had been filed, is inadmissible; such testi-
   mony being hearsay evidence, and the declarations of the
   cashier not being made in the ordinary course of business
   of the bank.

APPEAL from the Circuit Court of Marshall. Tried before the Hon. A. H. ALSTON.

This was an action of assumpsit, brought by the appellant, the Equitable Manufacturing Company, a partnership, against the appellee, James M. Howard; and sought to recover the purchase price of goods alleged to have been sold by the plaintiff to the defendant.

As stated in the opinion, the complaint contained two counts. The defendant pleaded the general issue and four special pleas. Demurrers were sustained to the 2d, 3d and 4th special pleas; and it is, therefore, unnecessary to set out the averments of these pleas. In the special plea numbered 5, the defendant set up that the goods alleged to have been sold by the plaintiffs to the defendant were sold under an executory contract, which is made an exhibit to and part of said bill; that in said contract "the plaintiffs agreed to allow defendant credit for the freight on said goods, and to file a bond with the First National Bank of Gadsden, conditioned as set out in said contract;" that the plaintiffs "failed and refused to credit defendant for the freight on said goods and demanded of the defendant the execution and settlement of said contract, negotiable notes for the full amount of said contract, including said freight;" that plaintiffs "failed and refused to execute and file with the First National Bank of Gadsden, Alabama, the bond mentioned in said contract;" that thereupon the defendant within a reasonable time after the breach of the contract on the part of the plaintiffs, rescinded said contract and refused to receive said goods, and that he did not receive them and were not liable for the same.

The provisions of the contract, which are made a part of said plea and which are alleged therein to have been breached by the plaintiffs are sufficiently shown in the opinion.

To plea numbered 5 the plaintiff demurred upon the following grounds: 1. It is not averred that defendant had paid the freight. 2. It is not averred that the amount of the note was for the price of goods less the freight. 3. Because the freight could be charged or claimed only as a set-off. 4. It does not deny that the

plaintiffs filed a bond with the First National Bank of Gadsden. 5. There is no sufficient ground averred in said plea for the rescission of the contract. This demurrer was overruled, and the cause was tried on the plea of the general issue.

Upon the trial of the cause, the plaintiffs proved the execution of the contract, shipment of the goods to the defendant, and it was further shown that the goods were received at the place of their destination, but that the defendant, although notified of their arrival, never took them from the depot.

The defendant as a witness testified that after the execution of the contract, shortly before April 29, 1901, he went to Gadsden and asked the cashier of the First National Bank of Gadsden if plaintiff had filed any bond with him; that the cashier, after looking through the file of papers, "told the defendant that plaintiffs had never filed any bond with him." To the portion of this witness's testimony which is quoted, plaintiffs objected, because it was hearsay and illegal evidence. The court overruled this objection, and the plaintiffs duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Among the other charges requested by tht plaintiffs, to the refusal to give each of which plaintiffs duly excepted, was the general affirmative charge in their behalf.

There were verdict and judgment for the defendant. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

STREET & ISBELL, for appellants, cited 14 Am. & Eng. Encyc. Law, (2d ed.) 309-316.

JOHN A. LUSK, *contra*, cited 2 Mayfield's Dig. p. 807, § 838; 3 Brick. Dig. p. 152, § 151; *Behrman v. Newton,* 103 Ala. 525; 2 Berry on Sales, 879.

DOWDELL, J.—This is a suit brought by the appellant against the appellee on account. The complaint contained two counts,—the first for money due by account, the second for goods, wares and merchandise sold and delivered to the defendant. The defendant filed five pleas,—the first being the general issue, and the remaining four, special pleas. Demurrers were sustained on the 2d, 3d and 4th pleas, and overruled as to the 5th. This latter ruling constitutes the first assignment of error. The 5th plea set up as a defense to the action, a special contract between the plaintiff and defendant relative to the sale of the goods, and undertook to aver breaches of the same by the plaintiff. The contract is set out in full in the plea, and by its express terms a delivery of the goods to the common carrier is made a delivery to the defendant. There is no express stipulation that the plaintiff should pay the cost of shipment, further than the provisions contained in the contract, that the "Equitable Manufacturing Company to allow credits for freight on these goods." This provision when construed in connection with other provisions in the contract, clearly implied that the defendant would, in the first instance, on receipt of the goods, pay the freight charges, and for which he should be allowed *credit* on the agreed price of the goods, the time of the payment being expressed, "net cost, 30 days," and "discount 6 per cent, cash in 10 days."

The provisions in the contract relative to the filing of the bond by the plaintiff was as follows: "Bond to be filed by the Equitable Manufacturing Company for $200.00 in First National Bank of Gadsden, that they will comply with their part of this agreement." No time is specified, and consequently the law implies a reasonable time within which the bond should be filed. The contract contained the further provision that, "a credit of more than 30 days is only allowed where account is closed in 10 days by note on 6, 8, 10 and 12 months without interest, each for one-fourth of bill." The plea among other things avers that the plaintiff "failed and refused to credit defendant with the freight on said goods," but it nowhere avers that the defendant had ever

paid the freight, and until he had paid the freight, he was not entitled to a credit for the same. Moreover, if he had so paid it, he would have been entitled only to claim it as an off-set to the account sued on. The plea does not deny that the plaintiff filed a bond, but the averment is, that plaintiff did not file *"the bond mentioned in said contract."* This is open to the conclusion that the plaintiff filed a bond, but in the *opinion* of the pleader, it was not *the* bond provided for in the contract. Construing the pleading most strongly against the pleader, the averment in the plea, is the averment of a conclusion. The plea was faulty in these respects, as pointed out in the demurrer, and the court erred in overruling the same.

The defendant should not have been allowed, against the plaintiff's objection, to testify to the declaration of the cashier of the bank as to the bond. This was not a declaration made in the ordinary course of business so as to render it admissible. The deposit of a bond of this character, and for the purpose for which it was to be deposited, was not in the ordinary business course of a bank. The defendant's testimony that he notified the plaintiff of his rescission of the contract was immaterial, and should have been excluded. The undisputed evidence of the plaintiff was, that plaintiff sent a bond through the United States mail to the Bank of Gadsden, and wrote the defendant in reply to a letter asking if plaintiff had filed the bond pursuant to agreement, that the bond had been sent to the bank at Gadsden, and asked the defendant to ascertain if the bank had received it, and if not to notify plaintiff, and another would be sent. To this letter the defendant made no response, and the plaintiff not hearing from the defendant, nevertheless sent another bond by registered mail to the Bank of Gadsden.

Under our view of the law of the case, as above expressed, there being no question as to the shipment of the goods under the contract, with the same evidence on another trial, with the 5th plea out, the plaintiff would be entitled to the affirmative charge. For the errors

pointed out the judgment will be reversed and the cause remanded.

Reversed and remanded.